[No. 3375.   Decided December 15, 1899.]

THE CITY OF BALLARD, *Respondent,* v. A. G. THOMPSON
*et al., Defendants,* F. L. FEHREN *et al., Appellants.*

**OFFICIAL BONDS—LIABILITY OF SURETIES.**

The fact that a public officer continues to hold office and dis-
charge the duties thereof after the expiration of his original term,
whether by continuing after re-election without qualifying for the
second term, or by holding over until a successor is elected and
qualified, will not subject the sureties upon the official bond given
for his original term of office to liability for losses sustained by
him while so holding over and continuing in office. beyond the
tenure for which the bond had been given.

Appeal from Superior Court, King County.—Hon.
ORANGE JACOBS, Judge.   Reversed.

*Piles, Donworth & Howe,* for appellants.

*Davis & Gilmore* and *Ivan L. Hyland,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—The city of Ballard, a city of the third
class, brought this action against the defendant, A. G.
Thompson as principal, and the other defendants as sure-
ties, on the official bond given by Thompson as treasurer
of the plaintiff city.

It appears from the record that Thompson was elected
treasurer in December, 1894, his official term commencing
the following January.   Prior to entering upon his official
duties, he qualified by taking the oath of office and execut-
ing a bond in the sum of $50,000, that being the bond in
suit.   In December, 1895, Thompson was re-elected treas-
urer for the term beginning the following January, but,
without qualifying or giving any new bond, he continued
to perform the duties devolving upon the treasurer until
about February, 1897.   Between June, 1896, and Janu-
ary, 1897, owing to the failure of two banks in the city of

Seattle, he sustained a loss amounting in the aggregate to the sum of $2,536.97. It was to recover this sum that the present action was brought.

The case presents but a single question, which may be stated as follows: Are the sureties upon the official bond of the treasurer of a city of the third class liable for the acts of such treasurer after the expiration of the term for which he was elected?

Section 927, Bal. Code, provides for the election of such officers on the first Tuesday after the first Monday in December of each year, and fixes the tenure of office at one year from and after the first Tuesday in January next succeeding the day of each election, and until their successors are elected and qualified.

Section 928, Bal. Code, requires the officer, before entering upon the duties of his office, to execute a bond to the city in such sum as the council may by ordinance determine, conditioned for the faithful performance of his duties; and further requires the officer, before entering upon the duties of his office, to take and file the constitutional oath of office.

Section 1518, Bal. Code, is as follows:

" Every official bond executed by any officer pursuant to law shall be deemed and taken to be in force, and shall be obligatory upon the principal and sureties therein for any and all breach of the condition or conditions thereof committed during the time such officer shall continue to discharge any of the duties of or hold such office, and every such bond shall be deemed to be in force and obligatory upon the principal and sureties therein for the faithful discharge of all duties which may be required of such officer by any law enacted subsequent to the execution of such bond, and such condition shall be expressed therein. (Laws 1890, p. 34, § 2; 1 H. C., § 2901)."

While the present case differs somewhat in its facts from that of *King County v. Ferry,* 5 Wash. 536 (32 Pac.

538, 34 Am. St. Rep. 880), still the same principle under-
lies both cases, and there is no difference or distinction to
be drawn.   In the opinion in that case the two lines of
authorities bearing upon this question are taken up and
fully discussed, and the cases in support of the respective
lines cited and reviewed.   In the course of the opinion
we said:

"The authorities cannot be reconciled, some courts
holding that the bond is made in contemplation of the
law and must be construed with reference to the law gov-
erning the office, and where the law provides that the term
of office shall continue until the successor is elected and
qualified, *which is the law governing this case,* that the
bond is given not only for the statutory term, but for the
further time which may elapse between the end of the
expressed statutory term and the time when the successor
is elected and qualified; that the law becomes incorporated
into the bond; that the sureties are bound to know that
his right to the office may extend beyond the year, and
that this possible extension is taken into consideration
and provided for in the bond.   .   .   .   But after a
great deal of deliberation, and, we must admit, some hesi-
tation, we are constrained to adopt the opposite view,
which is amply sustained by authority and we think by
better reasoning.   .   .   .   So far as the term 'until
his successor is elected and qualified' is concerned, while
it might have great significance when applied to the officers
of private corporations, it can have none here, for the law
provides when the officer elect shall qualify, and if he does
not qualify within the time prescribed the commissioners
can declare his office forfeited, and appoint another officer.
.   .   .   In this instance, when the term of office for
which the bond was given had expired, another bond
should have been required, and if the authorities have
neglected their duty, or the legislature has inadvertently
failed to make provision for a proper bond, it is inequita-
ble and unjust to make the sureties for the original term
responsible for' such neglect and inadvertence."

We have no disposition to depart in the slightest degree
from the reasoning or conclusion announced in that case,

and, as we are entirely clear that the present case falls within it and is controlled by it, it would be a useless and unprofitable undertaking to again enter upon the discussion of the question. It follows that it must be held that, in contemplation of law, the language of the bond can only be construed as applying to the current, and not to a future, term.

The judgment appealed from must be reversed, and the case remanded with directions to the superior court to enter judgment dismissing the action at plaintiff's cost.

DUNBAR, REAVIS and FULLERTON, JJ., concur.